**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST HEALTH BENEFITS FUND, and TRUSTEES ROBERT W. O'TOOLE, STEVEN M. POWELL, JONATHAN WILLIGMAN, BRIAN JORDAN, WILLIAM R. SEEHAFER, DEREK KINNEY, | ) ) ) ) ) ) ) ) Case No. |
| Plaintiffs, | ) |
| v. | ) ) |
| D&S FOODS, INC., | ) ) |
| Defendant. | ) |

**COMPLAINT**

NOW COME Plaintiffs, the United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund ("Health Fund"), and Trustees Robert W. O'Toole, Steven M. Powell, Jonathan Willigman, Brian Jordan, William R. Seehafer, Derek Kinney ("Trustees") (collectively, "Plaintiffs"), and for a cause of action against D&S Foods, Inc., ("D&S" or "Defendant") allege as follows:

**INTRODUCTION**

1. This action is brought for an order directing D&S to comply with Plaintiffs' requests to audit Defendant's payroll and wage records to determine the accuracy of Defendant's contributions to the Health Fund pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 (a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185 (a).

1

## JURISDITION AND VENUE

2. Jurisdiction is conferred on this court by ERISA Sections 502(a)(3), (e)(1) and (f), 29 U.S.C. §§1132(a)(3), (e)(1) and (f), Section 301 (a) of the LMRA, 29 U.S.C. §185 (a), and by the provisions of 28 U.S.C. §1331, relating to any civil action or proceeding arising under the laws of the United States

3. Venue is proper in this court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §§1132(e)(2), and Section 301 (a) of the LMRA, 29 U.S.C. §185 (a), as the Health Fund is administered in this judicial district at 9550 W. Higgins Road, Suite 310, Rosemont, Illinois 60018.

## PARTIES

4. The Health Fund is a multiemployer employee benefit welfare plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3), and established and maintained for the purpose of providing health benefits to eligible participants and beneficiaries.

5. The Trustees of the Health Fund are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and are also the plan sponsors within the meaning of ERISA Section 3(16)(B), 29 U.S.C. §1002(16)(B), and have authorized this lawsuit.

6. Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §1132(a)(3), and 29 U.S.C. §1451, the Plaintiffs are authorized to bring this action on behalf of the Plan, its participants and its beneficiaries.

7. D&S has been at all times material an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5) and operates a grocery store located at 120 E. Bluff Street, Marseilles, Illinois 61341.

## FACTUAL ALLEGATIONS

8. United Food and Commercial Workers Local 1546 ("Local 1546") and D&S are parties to a collective bargaining agreement ("CBA") effective by its terms from August 25, 2019 through August 20, 2022, covering D&S's meat department employees. (A true and correct copy of the CBA is attached hereto as Exhibit A).

9. Article VII of the CBA provides health benefits to eligible employees and obligates D&S at Section 7.1 to contribute to the Health Fund on behalf of eligible employees.

10. Section 7.9 of the CBA incorporates all of the terms and provisions of the United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund Agreement and Declaration of Trust ("Trust Agreement"). (A true and correct copy of the Trust Agreement is attached hereto as Exhibit B).

11. Section 7.10 of the CBA further obligates D&S to make available to the Health Fund its "payroll records and other employment records necessary to ascertain that their contributions required under this Agreement have been paid correctly and in full."

12. D&S made contributions to the Health Fund on behalf of eligible employees for many years prior to and during the term of the CBA.

13. Moreover, by making contributions to the Health Fund on behalf of its eligible employees, D&S availed itself of the benefits of the Health Fund and was bound by the terms of the Trust Agreement.

14. Article VI, Section 3 of the Trust Agreement authorizes the Health Fund to audit the payroll records of an employer to determine the accuracy of contributions paid and obligates an employer to make available its payroll records.

15. Furthermore, the Health Fund is obligated and authorized to audit D&S's payroll records by the common law of trusts and ERISA's fiduciary standards of loyalty and care in order to preserve and maintain its trust assets, determine exactly what property forms the subject matter of the trust, identify its beneficiaries, and to discover trust property and to take control of it without unnecessary delay.

16. By letter dated March 29, 2022, the Health Fund's auditor, Legacy Professionals LLP ("Legacy"), advised D&S that it had been selected for an audit of its payroll records for the period of January 1, 2012 through December 31, 2021, for the purpose of verifying the accuracy of contributions made to the Health Fund. (A true and correct copy of the March 29, 2022 Audit Letter is attached hereto as Exhibit C).

17. The Audit Letter requested that D&S contact Legacy to schedule the audit. Legacy and the Health Fund did not receive any response from D&S to the Audit Letter.

18. Thereafter, Legacy made numerous attempts to contact D&S for the purpose of scheduling the audit and obtaining the payroll records. Despite this, D&S refused to comply with the audit request.

4

19. By letter dated July 27, 2022, the Health Fund through its counsel wrote to D&S requesting that D&S contact Legacy for the purpose of scheduling the audit. ( A true and correct copy of the July 27, 2022, letter is attached hereto as Exhibit D.)

20. Notwithstanding the Health Fund's diligence and efforts to timely schedule an audit, D&S has ignored and has refused to comply with the Health Fund's audit requests as set forth in the Audit Letter.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter an Order directing that:

(a) D&S comply with the Health Fund's request to conduct a payroll audit;

(b) D&S produce the records necessary to perform the audit of payroll and wage records for the purpose of determining the accuracy of D&S's contributions for the period;

(c) D&S comply with the results of the audit, including the payment of any delinquent contributions, liquidated damages and interest as authorized by the Trust Agreement;

(d) D&S pay Plaintiffs all of their reasonable attorneys' fees, expenses and costs incurred in the prosecution of this claim; and

(d) Award Plaintiffs such other and further relief as this Court may deem just and proper.

5

Respectfully submitted,

/s/ Jonathan D. Karmel
Jonathan D. Karmel, Attorney for Plaintiffs

THE KARMEL LAW FIRM
20 S. Clark Street
Suite 1720
Chicago, IL 60603
(312) 641-2910
jon@karmellawfirm.com